1 F.3d 1253
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Arthur J. ANDERSON, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3267.
 United States Court of Appeals, Federal Circuit.
 June 15, 1993.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 The Merit Systems Protection Board moves to dismiss Arthur J. Anderson's petition for review without prejudice to reinstatement. No party representing Anderson's estate has responded.
 
 
 2
 In the proceedings before the Board, the Administrative Judge dismissed Anderson's appeal concerning a disability annuity as untimely filed. While the Board was considering Anderson's petition for review, Anderson died. The Board denied review, and Joseph B. Halldorson petitioned this court for review "on behalf of" Anderson.*
 
 
 3
 Under the circumstances of this case, we conclude that this petition for review should be dismissed without prejudice to reinstatement, within 60 days, if counsel for the estate enters an appearance and the filing fee is paid.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Board's motion to dismiss without prejudice to reinstatement is granted. If, within 60 days, counsel for the estate enters an appearance and pays the filing fee, the case will be reinstated.
 
 
 6
 (2) The clerk is directed to return to Joseph B. Halldorson any future submissions from Halldorson in this petition for review.
 
 
 
 *
 On April 8, 1993, the court informed Halldorson that Anderson's estate must be represented by counsel to proceed in this court. On May 10, 1993, in response to submissions from Halldorson, the court again informed Halldorson that counsel must promptly enter an appearance on behalf of Anderson's estate and that this court does not have authority to appoint an "Independent Counsel through the United States Attorney General."
 Halldorson submitted more documents, dated May 24, 1993, following the Board's motion to dismiss. Halldorson states that the estate has not obtained counsel. Halldorson again requested an "appointment of an independent counsel through official services of the United States Court of Appeals and the United States Attorney General."